IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DICKMAN, et al.          *

    Plaintiffs,                  *

v.                                *      CIVIL NO.: RDB-16-192

BANNER LIFE INSURANCE COMPANY     *

    Defendant.                   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

### Introduction

This case was referred to me for all discovery (ECF 75) on May 16, 2017. On August 28, 2017, Plaintiff filed a motion to compel discovery (ECF 92). On August 29, 2017, Defendant filed a motion to compel discovery (ECF 108). On September 5, 2017, Plaintiff requested a hearing on the combined motions (ECF 111). Those motions are now ripe for review. The matter has been fully briefed and no hearing is necessary. Local Rule 105.6. Therefore, the Plaintiffs' motion for a hearing is DENIED.

The parties have each spent a considerable amount of time and expense in this discovery dispute. There is, however, a consistent underlying theme to each objection set forth in the opposing Motions to Compel. Plaintiffs allege Defendant has not provided information beyond the subject policies which Plaintiffs believe is discoverable. Defendant responds that not only is that information not relevant and overly burdensome to produce, but specific requests are also protected by a Maryland statutory privilege. Flipping to the other side, Defendant alleges Plaintiffs have failed to respond to both interrogatories and document production, alleging

1

Plaintiffs have given pro forma responses and relied improperly on other sources to provide inadequate responses to Defendant's requests. Fortunately for both parties, Judge Bennett has suspended the discovery deadlines upon resolution of these disputes.

**Facts of the Case**

Plaintiffs are represented in their individual capacity and as potential class representatives in the remaining contracts and fraud claim against Defendant (ECF 1, 55, 56, 57, 59, 73). Plaintiffs purchased universal life insurance policies from Defendant in 2002 (Complaint at p. 4). The policies purchased provided a $300,000.00 death benefit and no lapse guarantee, provided the policyholder continued to pay the monthly premium. Banner is a Maryland life insurance company located in Frederick, Maryland (*Id.* at 5). A detailed allegation of facts is contained at pp. 5- 9 of the Complaint. In a nutshell, Plaintiffs allege that Banner was engaged in an elaborate scheme in order to pay their stockholders and corporate officers huge dividends over a period of years. The scheme consisted of shifting debt to a number of alleged reinsurers located either offshore or in states with weak state oversight, thus showing the Maryland Insurance Agency ("MIA") a surplus of Banner funds with which to pay the huge dividends. Plaintiffs further allege that Banner consistently raised the cost of insurance ("COI") to its policy holders to force them to surrender their policies. Plaintiffs allege that this "hide the ball" game was designed and carried out to pay its shareholders huge dividends and to hide Banner's questionable solvency.

**Discovery in General**

As a general rule, Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Discovery rules are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted).

**Discussion**

In balancing discovery disputes, the Court is guided by Fed. R. Civ. P. 26(b)(1) and pursuant to Appendix A, Guideline 1 of the Local Rules, the requirement "to facilitate the just, speedy and inexpensive conduct of discovery, in light of what is relevant to any party's claim or defense; proportional to what is at issue in a case and not excessively burdensome or expensive compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1. The Court agrees with Defendant in its response that Plaintiffs cite to the prior Fed. R. Civ. P. 26 incorrectly in their argument. It is no longer valid to argue a party is entitled to discovery that may lead to discoverable information. Importantly here, the 2015 Amendment restores proportionality as an express component of discovery and deletes the former provision authorizing the Court to order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26.

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md.2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii).

### I. Plaintiffs' Motion to Compel

In evaluating the issue of whether to grant the motion to compel, the Court looks to the Plaintiffs' theory of liability and how Defendant fits into that theory. Plaintiffs have alleged that Defendant sold the two class Plaintiffs universal life insurance policies, specifically Banner's Advantra Op Term 20 universal life policies that were subject to a COI (ECF 92-12 p. 1). The COI did not occur until September 2015. *Id.* at p. 2. The Defendant Banner sells many other products, and as pointed out in their Response, 99% of their business were term policies that were *not* subject to Plaintiffs' complaint. *Id.* at 11. Defendants allege that less than one percent of their products sold were universal life polices and only a fraction of those (presumably including Plaintiffs' policies) were subject to a COI increase. *Id.*

4

Maryland cases have often recognized a plaintiff's burden to prove a *prima facie* cause of action and damages. *See, e.g., Wood v. Abell,* 268 Md. 214, 233, 300 A.2d 665 (1973) (holding that plaintiffs have the burden to prove negligence and damages); *Jones v. Federal Paper Bd. Co., Inc.,* 252 Md. 475, 485, 250 A.2d 653 (1969) (holding in a negligence action that "plaintiffs had the burden of proving their damages beyond mere conjecture and speculation...."); *Brock Bridge Ltd. Partnership, Inc. v. Development Facilitators, Inc.,* 114 Md.App. 144, 157, 689 A.2d 622 (1997) (holding in an action for breach of contract that "the plaintiff bears the burden of adducing sufficient evidence from which the amount of damages can be determined...."). Although Plaintiffs alleged four counts in their complaint, only two counts consisting of breach of contract and fraud remain for discovery purposes.

Federal Rule of Civil Procedure 26(b)(1) governing the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1). (Emphasis added) (Remainder of (b)(1) omitted). Thus, the Court must first determine the relevance of the documents Plaintiff seeks to compel. Then, the Court must determine which, if any, privileges raised by Defendants preclude production of the records sought by Plaintiff's motion. The burden to establish that otherwise relevant discovery is privileged is on the party asserting the privilege. *See In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991,* 33 F.3d 342, 352 (4th Cir. 1994).

In the present case, Plaintiffs have a remaining cause of action for breach of contract and

a cause of action alleging fraud. The Court looks to these two claims in order to evaluate whether all of the requested information in Plaintiffs' Motion to Compel are first and foremost – relevant. As stated above, Banner sells many different life insurance products and more than 99% of those products are not in any way relevant to this litigation. Plaintiffs' complaint supports Defendant's argument in that Plaintiffs limit their claim to specific policy types. Therefore, the only relevant products are those specifically identified in Plaintiffs' complaint that were also affected by a COI.

> "32. Messrs. Dickman and Alderson are not alone. Banner has dramatically increased COI charges on all of the following universal life policies: 1) Life Umbrella, (2) Life Umbrella Classic, (3) Sterling 1, (4) Advantra (OPTERM20), (5) Advantra (OPTRM20UL), (6) Advantra (ADV02/05), (7) Continuity (ULCONT), (8) Continuity (ULCONTPS -98), (9) Classic UL, (10) Continuity 100, and (11) Life Umbrella 120."
> ECF 1 at p.8.

Applying the "yardstick of proportionality" test to Plaintiffs' motion to compel, the only relevant policies are those described above in Plaintiffs' complaint. Therefore any discovery is limited to only those policies. If Defendant was an automobile manufacturer and produced 100 different types of vehicles and Plaintiffs alleged defects in two of those 100, Plaintiffs would not be entitled to discovery on the other 98 since they would not be relevant to Plaintiffs' claims. In this case it is not difficult to understand and appreciate Defendant's argument that producing discovery on all of its policies (with no limiting time period) would be unduly burdensome, expensive and time consuming since all of the other products are not relevant to Plaintiffs' claims of breach of contract and fraud. The Court agrees with Defendant that any discovery shall be limited to only the affected policies.

Defendant also argues that the time period for discoverable information should be limited to the time the policies increased by COI in 2015. While that argument may be persuasive as to the COI claim standing alone, clearly Plaintiffs allege in their complaint that Banner began ceding life insurance business to its captives in 2004. ECF 1 at p.39. Plaintiffs however, allege an intertwined relationship between the COI and Defendant's ceding of debt to its captive entities. *See, eg.* ECF 1 at pp. 53- 59. While it is unclear from Plaintiffs' allegations exactly when the COI became an issue that would be discoverable, it is arguable that the basis for Plaintiffs' injuries began with the ceding of assets in 2004. If no discoverable information exists regarding COI as alleged from 2004 until 2015, then there would be nothing to disclose. However, if there are documents or other discoverable information after 2004 and earlier than 2015, Defendant must provide that information. It is, however, still limited only to the policies enumerated above and as alleged in Plaintiffs' complaint. Plaintiffs' motion to compel is GRANTED in part as limited to the life insurance policies identified above affected by the COI, and within the 2004-2015 time range, and otherwise DENIED.

**The Claim of Privilege**

Defendant objected to Plaintiffs' Motion to Compel the Production of Documents by arguing, among other things, that its financial statements were statutorily protected documents provided to regulators, and thus, they were not discoverable. *See* ECF No. 92-2 at 22–34, 38–44. Plaintiffs raise three arguments for why no statutory protection exists and Defendant should be ordered to produce the requested documents it filed with insurance regulators: (1) that the request seeks documents and information used in preparing Defendant's financial statements, in addition to final versions of the financial statements, which are not statutorily protected; (2) that the state statutes cited by Defendant in an attempt to withhold documents produced to state departments

of insurance are not applicable to documents in Defendant's possession, but instead dictate only that the insurance department commissioners cannot disclose the documents, and cannot limit the discoverability of documents under Rule 26 of the Federal Rules of Civil Procedure; and (3) that Defendant made these documents relevant and discoverable as to the affirmative defenses pleaded in its Answer. ECF No. 92-2 at 23–25.

The starting point for asserting a privilege is Federal Rule of Evidence 501, which provides, in pertinent part, that "when State law 'supplies the rule of decision' for an element of a claim or defense, the privilege 'shall be determined in accordance with State law.'" *Elat v. Emandopngoubene*, No. PWG-11-2931, 2013 WL 1146205, at *2 (D.Md. Mar. 18, 2013) (quoting Fed.R.Evid. 501). In this case, the Court's jurisdiction is premised upon diversity jurisdiction. *See* ECF No. 1 at 5. Thus, the state law of privilege applies.

The Maryland Holding Company Act expressly provides for "Confidentiality" for "all information and documents that are filed with the Commissioner in compliance with the requirements of this title or that are reported to, obtained by, or otherwise disclosed to the Commissioner or any other person in the course of an examination or investigation made under this title." Md. Code Ann., Ins. § 7-106(a). Specifically, all such information and documents: "(1) are confidential material; (2) are not subject to subpoena; (3) may not be made public by the Commissioner, the National Association of Insurance Commissioners, or any other person; and (4) are not subject to discovery or admissible in evidence in any civil action." *Id.* The statute broadly defines "person" to include "an individual, receiver, trustee, guardian, personal representative, fiduciary, representative of any kind, partnership, firm, association, corporation, or other entity." Md. Code Ann., Ins. § 7-703(a) (citing to Md. Code Ann., Ins. § 1-101(dd) for the definition of "person"). Accordingly, "person" encompasses Defendant. Clearly the

language specifically states these documents are not discoverable.

Section 7-106 is equivalent to a statutory privilege, determined in accordance with state law. The purpose behind Section 7-106 and similar state confidentiality statutes is to assure insurers that the financial information they provide to regulators will not fall into the hands of third parties, in order to ensure that regulators will have an open and frank flow of information on which they can base their regulatory decisions; the integrity of the state insurance systems depends on this substantive protection for insurers. Such a purpose justifies protecting the information sought because such protection "promotes sufficiently important interests to outweigh the need for probative evidence." *Trammel v. United States*, 445 U.S. 40, 47 (1980).

Furthermore, this privilege was a substantive, not procedural, right that Plaintiffs' counsel unsuccessfully sought to challenge in *Sheldon v. Maryland Insurance Administration*. On April 13, 2016, several months after filing this case, Plaintiffs' counsel filed a Public Information Act Request with the Maryland Insurance Administration (the "MIA") seeking essentially all correspondence and documents regarding Banner's captive reinsurers and captive reinsurance transactions over the years; and all correspondence and documents regarding any licensing order, letters of credit, capital maintenance agreements, and statutory financial statements associated with Banner or its captive reinsurers over the years. In response, the MIA provided to Plaintiffs' counsel the MIA's approval notices for the captive reinsurance transactions along with Banner's publicly available statutory financial statements, and the MIA denied Plaintiffs access to all other requested documents pursuant to the confidentiality protections of § 7-106(a) of the Maryland Insurance Code.[1] Plaintiffs' counsel then filed an action against the MIA in Maryland state

---

1 In a May 13, 2016 letter, the MIA acknowledged receipt of Plaintiffs' April 13, 2016 public information request and stated "that some of the information [Plaintiffs] have requested is exempt from public disclosure under the Maryland Public Information Act under Section 7-106

court, seeking an appeal of the MIA's decision, and in one of their filings, the Plaintiffs expressly acknowledged disclosure protection:

> Additionally, Maryland Insurance Code Section 7-106(a)(4) makes it clear that the documents Petitioner seeks "are not subject to discovery or admissible in evidence in any civil action." Therefore, the only way the requested documents can be acquired is through a Public Information Act request - not through discovery. . . . Because Petitioner's only option to ever have these documents disclosed is through a Public Information Act request, filing such a request clearly is not an attempt to circumvent discovery since discovery will never lead to the acquisition of these documents.

ECF No. 92-12 at 17 (quoting Petitioner's Reply Memorandum in Support of Petition for Judicial Review, *Sheldon v. Md. Ins. Admin.*, No. 24-C-16-003418 (Md. Cir. Ct. of Balt. Cty. Nov. 7, 2016), ECF No. 92-17 at 6–7).2

As the Court has determined that Defendant may assert privilege under § 7-106 of the Maryland Insurance Code, Defendant must in turn provide a privilege log. *See* Fed.R.Civ.P. 26(b)(5). Alternatively, a party can include a summary of specific facts to claim privilege for categories of documents. *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F.Supp. 3d 465, 483–484 (D.Md. 2014); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D.Md. 2008). The failure to provide a privilege log or equivalent information may result in the waiver of a claimed privilege. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D.Md. 2010). Defendant has not produced a privilege log identifying documents in a manner consistent with Fed.R.Civ.P. 26(b)(5) and must do so within 30 days of this decision. Plaintiffs' motion to

---

of the Insurance Article." ECF No. 92-16 at 2.

2 The MIA opposed this Maryland state court action and Defendant intervened. *See* ECF No. 92-12 at 16–17. In February 2017, however, Plaintiffs' counsel dismissed this action, and they contend that they voluntarily dismissed their petition seeking appeal of the MIA's decision because they decided to wait and obtain such documents from Defendant once discovery commenced in this action. ECF No. 92-25 at 11.

compel the information identified as privileged under § 7-106 of the Maryland Insurance Code is DENIED.

## II. Defendant's Motion to Compel

The Defendant alleges several global complaints about Plaintiffs' responses to both the interrogatories as well as document production. First, Plaintiffs improperly rely on general objections in violation of Fed. R. Civ. P. 33, 34. Defendant also alleges Plaintiffs do not state they are withholding any of the requested documents. Rule 34 requires a litigant to state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 also requires a party to state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). Plaintiffs have failed to do so.

In reviewing the pleadings in this case as well as the requests and Plaintiffs' responses, the Court agrees that Plaintiffs' responses are inadequate. Plaintiffs skirt around the basic principles required of a party litigant – answer the questions, provide the documents or in the alternative assert any applicable privilege. Fed. R. Civ. P. 26. Even on the basic issues of providing the requested information as to damages, (Interrogatory 2), the factual basis for any fraud – including fraudulent misrepresentations, (Interrogatories 3,4) Plaintiffs failed to adequately respond. For example, asserting the information requested (Interrogatories 2,3,4) was unduly "burdensome and annoying" is a far cry from answering the question. Stating that as to Interrogatory 2, the question is "premature at this early stage in the litigation" is a totally inadequate response. As stated previously, Plaintiff bears the burden of proving an injury and damages. *Brock Bridge Ltd. Partnership, Inc., supra.* With respect to 3,4, referring to other discovery is also not answering the question. This motion does not require an academic analysis

of each and every request and response. Plaintiffs' deficiencies are immediately apparent.

Defendants asserted specific objections to both interrogatories as well as requests for production of documents. The Court is persuaded that the objections are valid. Plaintiffs' responses are miserably deficient. Plaintiffs have failed to meet their requirements under Rule 26. In the event Plaintiffs do have valid privileges to assert, Plaintiffs must comply with Fed. R. Civ. P. 26 and the Local Rules. Plaintiffs have not produced a privilege log identifying documents in a manner consistent with Fed.R.Civ.P. 26(b)(5) and if any such documents exist, Plaintiffs must do so within 30 days of this decision.

The Court agrees with Defendant and the reasoning set forth in Defendant's motion. The Motion to Compel Plaintiffs' responses is GRANTED. The Defendant's motion for costs is DENIED and each party is to bear their own expenses. A separate Order will follow.

28 September 2017
Date

A. David Copperthite
United States Magistrate Judge