IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD DICKMAN, KENT ALDERSON, LESLEY S. RICH, *trustee for* RICHARD S. WALLBERG INSURANCE TRUST, *individually and on behalf of all those similarly situated*, | * * * | |
| Plaintiffs, | * | Civil Action Nos. RDB-16-192 GLR-17-2026 |
| v. | * | Related Civil Action No. |
| BANNER LIFE INSURANCE COMPANY, WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, | * * | RDB-23-769 |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM ORDER

On or about March 17, 2023, *pro se* Plaintiff Terry Sanjuan Hill-Bey ("Hill-Bey") filed a Complaint claiming that he had not received $30,500.00 allegedly due under the Settlement Agreement approved by this Court in *Dickman v. Banner Life Insurance Co.* (RDB-16-192 and GLR-17-2026) (the "consolidated cases"). *See Hill-Bey v. Banner Life Ins. Co., et al.*, No. RDB-23-769 (D. Md. filed Mar. 17, 2023) (the "related lawsuit"). Hill-Bey is presently incarcerated at North Branch Correctional Institution in Cumberland, Maryland, and is a member of the Class approved by this Court in the consolidated cases.

On April 13, 2023, this Court entered a Letter Order ordering counsel in the consolidated cases to submit a joint memorandum with respect to the preclusive effect any opinions of this Court in the consolidated cases may have upon the related lawsuit. (RDB-

16-192, ECF No. 422.) On April 21, 2023, Co-Lead Class Counsel George W. Walker, III and W. Daniel Miles, III ("Miles") (collectively, "Co-Lead Class Counsel") filed the presently pending Motion to Enforce Settlement Agreement, (ECF No. 427), requesting this Court enforce the Settlement Agreement (ECF No. 250-3) approved by this Court (ECF No. 361) as to Class Member Hill-Bey, and to enjoin and/or dismiss the related lawsuit.

This Court subsequently entered an Order on Motion to Enforce Settlement Agreement in both the consolidated cases (ECF No. 429) and the related lawsuit (ECF No. 8). The Order directed Hill-Bey "to show cause, if any exists, in writing, within ten (10) days of this Order, why the Motion to Enforce Settlement Agreement should not be granted . . . ." (RDB-16-192, ECF No. 429; RDB-23-769, ECF No. 8.) On May 2, 2023, Hill-Bey filed a Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint, (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10), which is also presently pending.[1] The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Hill-Bey's Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10) is DENIED; and Co-Lead Class Counsel's Motion to Enforce Settlement Agreement (RDB-16-192, ECF No. 427) is GRANTED.

## BACKGROUND

The consolidated cases arise from two putative class actions against life insurance companies, alleging that the defendant companies misrepresented the performance of their universal life policies and fraudulently increased their cost-of-insurance ("COI") charges to a

---

[1] Hill-Bey has submitted various other correspondence and status reports to this Court. (*See* RDB-16-192, ECF Nos. 429, 433; RDB-23-769, ECF Nos. 9, 11, 12).

class of policyholders. *See Dickman v. Banner Life* (*Banner*), No. RDB-16-192 (D. Md. filed Jan. 19, 2016); *Rich v. William Penn Life Insurance Co.* (*Penn*), No. GLR-17-2026 (D. Md. filed July 20, 2017). The parties reached a settlement in principle in June 2019, (ECF No. 241), and the *Banner* and *Penn* cases were consolidated for settlement purposes, (ECF No. 245). At a final fairness hearing on May 20, 2020 (ECF No. 367), this Court approved a settlement of roughly $40 million in damages. (ECF No. 361; Decl. of W. Daniel "Dee" Miles III ¶ 23, ECF No. 376-2). Importantly, the Court's Final Approval Order barred Class Members from pursuing related claims against the defendant companies, (ECF No. 361 ¶ 14), and reserved this Court's exclusive jurisdictions related to all matters involving the consolidated cases, (*Id.* ¶¶ 17, 18).

On March 17, 2023, Hill-Bey filed his *pro se* Complaint against Settlement Administrator Banner Life Insurance Co. and Co-Lead Class Counsel,[2] claiming that he had not received $30,500 allegedly due under the Settlement Agreement in the consolidated cases. (RDB-23-769, ECF No. 1.) The related lawsuit was randomly assigned to Judge Stephanie A. Gallagher of this Court.

On April 6, 2023, Miles informed Judge Gallagher and the undersigned Judge that class member Hill-Bey had filed a *pro se* lawsuit complaining about the benefits he received under the Settlement Agreement. (Ex. 1, ECF No. 472-2.) Miles represented that Hill-Bey had not objected to nor opted out of the class, and correctly noted that the class benefits were previously approved by this Court and the deadline for objections to the settlement had

---

[2] As noted in this Court's Order dated April 25, 2023, "[Co-Lead] Class Counsel are not parties to the Settlement Agreement and are not personally responsible for the settlement benefits due under the terms of the Settlement Agreement." (ECF No. 428 at 2 n.1.)

3

long passed. (*Id.*) Miles further noted that "records indicate[d] that . . . Hill-Bey's policy was not one that experienced a [COI] increase that was the basis for the underlying lawsuit," and as such, the "relief for his type of policy was non-monetary relief." (*Id.*) He also indicated that the related lawsuit "fell under the reserved jurisdiction of this Court related to all matters involving the settlement of these consolidated class actions." (*Id.*)

Following a telephone conference on April 12, 2023, this Court entered a Letter Order reassigning the related lawsuit to the undersigned Judge. (ECF No. 422.) In the same Letter Order, this Court instructed counsel in the consolidated cases to submit a joint memorandum with respect to the preclusive effect any opinions of this Court in the consolidated cases may have upon the related lawsuit. (*Id.*)

On April 21, 2023, Co-Lead Class Counsel filed the presently pending Motion to Enforce Settlement Agreement, (ECF No. 427), requesting this Court enforce the Settlement Agreement (ECF No. 250-3) approved by this Court (ECF No. 361) as to Class Member Hill-Bey, and to enjoin and/or dismiss the related lawsuit. (ECF No. 427.)

On April 25, 2023, this Court entered an Order on Motion to Enforce Settlement Agreement in the consolidated cases (ECF No. 429) and the related lawsuit (ECF No. 8). In short, this Court noted it "retained jurisdiction over all matters related to the Settlement Agreement and enjoined all class members from bringing any action related to the claims giving rise to the Settlement or the Settlement Agreement (ECF No. 250-3) itself in any proceeding or tribunal other than this Court." (RDB-16-192, ECF No. 429; RDB-23-769, ECF No. 8.) This Court indicated that Hill-Bey's *pro se* lawsuit violated this injunction, and further, did not invoke this Court's subject matter jurisdiction. (*Id.*) Regarding the substance

4

of Hill-Bey's allegations, this Court indicated:

> [T]here is no dispute that Mr. Hill-Bey is a Class Member who owns an in-force Policy (Life Umbrella) that was eligible for Class relief as set forth in the Settlement Agreement (ECF. No. 250-3) and that he did not opt out of the settlement. Thus, Mr. Hill-Bey is bound by the terms of the Settlement Agreement and this Court's Final Approval Order which includes this Court's jurisdiction over him and the determination of issues related to or arising from the Settlement Agreement. It further appears that Mr. Hill-Bey has received the relief to which he is entitled to under the terms of the Settlement Agreement and that the Settlement Administrator and Banner Life Insurance Company have satisfied and fulfilled their obligations relating to Mr. Hill-Bey under the terms of the Settlement Agreement.

(*Id.*) The Order dismissed the related lawsuit based upon the absence of subject matter jurisdiction; and directed Hill-Bey "to show cause, if any exists, in writing, within ten (10) days of this Order, why the Motion to Enforce Settlement Agreement should not be granted . . . ." (*Id.*)

On May 2, 2023, Hill-Bey filed a Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint ("Motion for Reconsideration"), (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10), which is presently pending. Hill-Bey has submitted various other correspondence and status reports to this Court (RDB-16-192, ECF Nos. 429, 433; RDB-23-769, ECF Nos. 9, 11, 12).

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, No. WDQ-05-0001, 2010 U.S. Dist.

LEXIS 95988, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* FED. R. CIV. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* FED. R. CIV. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

(footnote omitted). In either case, motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, No. RDB-14-433, 2016 U.S. Dist. LEXIS 163809, at *3 (D. Md. Nov. 28, 2016); *accord Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 U.S. Dist. LEXIS 141554, at *7 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" (quoting *TFWS*, 572 F.3d at 194)).

Here, Hill-Bey filed his Motion for Reconsideration on May 2, 2023. (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10.) In his filings, Hill-Bey insists that he is "not contesting the Class approved by this Court in its Final Approval Order of May 20, 2020 (ECF No. 361), [but] seek[ing] the benefits due under the Settlement Agreement (ECF No. 250-3) approved by this Court's Final Order (ECF No. 361)." (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10.) Despite his assertions to the contrary, Hill-Bey is indeed requesting this Court reconsider its Final Approval Order by requesting such relief. As such, Rule 60(b) governs this Court's analysis.

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

6

circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 U.S. Dist. LEXIS 42332, at *6 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

Hill-Bey has not met the "high bar" he faces "to succeed on [his] Motion for Reconsideration." *Harvey v. Cable News Network, Inc.*, No. RDB-20-3068, 2021 U.S. Dist. LEXIS 73841, at *5 (D. Md. Apr. 15, 2021). Although the Court has accorded Hill-Bey's *pro se* pleadings liberal construction, Petitioner's claims lack legal or factual merit and there is no cause for reconsideration under Rule 60(b).[3] In his Motion for Reconsideration, Hill-Bey complains that he "'did not' receive 'any relief' to which he was entitled under the terms of the Settlement Agreement;" that he "did not receive a 'Check' or any 'Benefit(s)' from the proposed settlement, albeit included in the Settlement;" and further that the Settlement Administrator "'did not' provide the plaintiff with an enhanced Policy agreement or Financial Benefits from the proposed Settlement." (RDB-16-192, ECF No. 432 at 2–3; RDB-23-769, ECF No. 10 at 2–3.) Hill-Bey does not address this Court's finding that his *pro se* lawsuit violated the injunction or the Court's lack of subject matter jurisdiction over his lawsuit more generally. Nor does he dispute this Court's finding that "there is no dispute [Hill-Bey] is a Class Member who owns an in-force Policy (Life Umbrella) that was eligible for Class relief as set forth in the Settlement Agreement . . . and that he did not opt out of

---

[3] Even if the Hill-Bey's Motion for Reconsideration were timely under Federal Rule of Civil Procedure 59(e), there is no legal or factual predicate presented to warrant reconsideration on the basis.

the settlement." (*Id.*) In his Motion for Reconsideration, Hill-Bey merely restates his claims previously submitted to this Court, which is not a proper use of Rule 60(b).

As previously indicated, Hill-Bey's *pro se* lawsuit violates the injunction set forth in this Court's Final Approval Order (ECF No. 361), as there is no dispute that Hill-Bey is a member of the Settlement Class who did not opt-out. (ECF No. 428.) As such, he is bound by the Court's Final Approval Order, which enjoins him from filing his lawsuit. Further, Hill-Bey's *pro se* lawsuit does not invoke this Court's subject matter jurisdiction. (*Id.*) There is an absence of diversity of citizenship[4] as well as the required amount in controversy.[5]

Moreover, Hill-Bey's claim that he is due $30,500 is without merit. According to Hill-Bey, he is the owner of an in-force Life Umbrella Policy issued by Banner. (RDB-23-769, ECF No. 1.) The Life Umbrella Policy is a policy included within the Class. (ECF No. 250-3.) However, Hill-Bey's policy did not incur a COI rate increase, and as such, the relief under the Settlement to which he was entitled—and received—was non-monetary. (*Id.*; Decl. of Karen Rogan, ECF No. 427-3.) Accordingly, Hill-Bey's Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10.) is DENIED; and Co-Lead Class Counsel's Motion to Enforce Settlement Agreement (RDB-16-192, ECF No. 427) is GRANTED.

---

[4] Hill-Bey is a resident of Maryland, presently incarcerated at North Branch Correctional Institution in Cumberland, Maryland, and Banner is deemed to be a citizen of Maryland.
[5] Hill-Bey sues for $30,500.

## CONCLUSION

For the foregoing reasons, Hill-Bey's Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint fails to satisfy the requirements of Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is this 14th day of July, 2023, ORDERED that:

1. Co-Lead Class Counsel's Motion to Enforce Settlement Agreement (RDB-16-192, ECF No. 427) is GRANTED;

2. Hill-Bey's Motion to Show Cause and Petition for Reconsideration of Dismissed Complaint (RDB-16-192, ECF No. 432; RDB-23-769, ECF No. 10.) is DENIED; and

4. The Clerk of the Court transmit copies of this Memorandum Order to Petitioner and counsel of record.

Dated: July 14, 2023

/s/
Richard D. Bennett
United States District Judge